IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DOUGLAS PARKER, JR., )  ) | |
| Petitioner, ) ) | |
| vs. ) ) | Case No. 1:06-cv-835-KOB-TMP |
| WARDEN D.B. DREW, ) ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

On April 26, 2006, the petitioner, Douglas Parker, Jr., filed a motion pursuant to 28 U.S.C. § 2241, challenging the sentence he received in August 1992 in the United States District Court for the Southern District of Alabama. Petitioner specifically invokes § 2241, and recites that he previously has filed a motion pursuant to 28 U.S.C. § 2255 in the district in which he was convicted. That motion was denied. In the instant motion, petitioner seeks relief by invoking the "savings clause" of § 2255. At the time he filed the instant petition, petitioner was incarcerated at the Federal Correctional Institution in Talladega, Alabama, which is located within the Northern District of Alabama.[1]

**PROCEDURAL HISTORY**

On or about May 20, 1992, petitioner pled guilty to a charge of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846. He was sentenced to life in prison

---

[1] Petitioner has since notified the court that he has been moved to the federal medical facility in Butner, North Carolina.

without parole on August 11, 1992.  United States v. Douglas Parker, Jr., CR 92-00027-CB (S.D. Ala. 1992).  He appealed that conviction to the Eleventh Circuit Court of Appeals, which affirmed by published opinion dated November 17, 1994.  United States v. Parker, 41 F.3d 667 (11th Cir. 1994).  On December 30, 1996, petitioner filed a motion for reduction of sentence, asserting that a recent amendment to § 2D1.1 of the United States Sentencing Guidelines reduced the maximum base offense level applicable to his offense.  He also filed a motion to vacate and set aside judgment pursuant to 28 U.S.C. § 2255 on April 4, 1997, asserting that his sentence was unconstitutionally vague and ambiguous and that the district court erred in applying provisions applicable to "crack" cocaine.  On July 9, 1997, the district court entered an order granting the motion for reduction of sentence, and reducing petitioner's sentence to 420 months pursuant to 18 U.S.C. § 3582(c)(2). There is no docket entry that disposes of the § 2255 petition.

On or about April 26, 2006, petitioner filed the instant petition, labeling it a § 2241 petition filed pursuant to the "savings clause" of § 2255.  Petitioner challenges his federal sentence, based upon application of a line of cases that began with Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and that has continued through  United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).  Pursuant to the court's order to show cause, the Government filed a response and motion to dismiss on September 11, 2006.  By order dated September 13, 2006, the parties were notified that the matter would be considered for summary disposition.

## **DISCUSSION**

The Government raises the issue that the instant petition fails to state a claim under 28 U.S.C. § 2241 because it challenges petitioner's sentence, and that relief may be available to him pursuant only to § 2255, which must be filed in the district of conviction, not this court. The Government argues that petitioner has failed to show that § 2255 offers a remedy that is inadequate or ineffective, and thus has failed to "open the portal" of the savings clause in § 2255 in order to properly plead a cause under § 2241. The Government further asserts that any § 2255 motion would be successive, because petitioner has failed to demonstrate that he obtained the requisite permission from the Eleventh Circuit Court of Appeals. Finally, the Government asserts that the relief petitioner seeks is unavailable to him because Apprendi and Booker do not apply retroactively to § 2241 petition and, in the alternative, that the petition is due to be dismissed as successive under Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999).

As a general rule, a collateral attack on the validity of a federal conviction or sentence must be brought pursuant to § 2255. See, *e.g.*, Campbell v. Yates, 196 Fed. Appx. 744 (11th Cir. 2006). Under certain circumstances, however, § 2255 permits a prisoner to seek *habeas* relief pursuant to 28 U.S.C. § 2241. The applicable "savings clause" of § 2255 provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255 (emphasis added). Consequently, the relief available through § 2241 may be applied for only if petitioner establishes that the remedy provided through § 2255 is "inadequate or

ineffective to test the legality of his detention." The burden of showing that the remedy is inadequate or ineffective lies with petitioner and requires more than a showing merely that relief under § 2255 previously has been denied.  See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).[2]  The Eleventh Circuit Court of Appeals has plainly stated that the savings clause applies only where: "(1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the prisoner was convicted of a 'nonexistent offense,' *and* (3) 'circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion.'"  Campbell, 196 Fed. Appx. at 746, quoting Wofford v. Scott, 177 F.3d at 1236, 1244 (11th Cir. 1999) (emphasis added).

In Campbell, as in this case, petitioner attempted to assert a claim under the line of recent decisions that proscribe judicial fact-finding in determining appropriate sentences, which began with Apprendi and includes Booker.  The Eleventh Circuit Court of Appeals found that the district court's dismissal of all of Campbell's claims was not error because Campbell failed to satisfy the prerequisites for asserting a claim under the savings clause.  As the court in Campbell noted, it is now well-settled in the Eleventh Circuit that the Apprendi line of cases are not retroactively applicable to convictions final before they were announced, and that such claims cannot be asserted on collateral challenges to convictions.[3]  See Campbell, 196 Fed. Appx. at 746; see also Varela v.

---

[2]     In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981)(*en banc*) the Eleventh Circuit Court of Appeals adopted as precedent decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981.

[3]     The appellate court further noted that this precise issue was on review in the Supreme Court, which granted *certiorari* in Burton v. Waddington, No. 05-9222. Unfortunately, the Supreme did not reach the retroactive-application issue because it found that the lower courts had lacked jurisdiction to decide the case. See Burton v Stewart, ___ U.S. ___, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007).

United States, 400 F.3d 864, 868 (11th Cir. 2005) ("[W]e conclude that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."); Lundin v. United States, 131 Fed. Appx. 677 (11th Cir. 2005); Cook v. Bryant, 139 Fed. Appx. 187 (11th Cir. 2005).

Both Apprendi and Booker were decided years after petitioner's conviction became final no later than in1995. The Eleventh Circuit law is well-settled that Booker does not apply retroactively, as is required by the first prong of the § 2255 savings clause. See Varela, 400 F.3d at 868. Similarly, the Eleventh Circuit Court of Appeals has recently determined that Apprendi also does not apply retroactively in a § 2241 petition. Bernhard Dohrmann v. United States, 442 F.3d 1279, 1292 (11th Cir. 2006). Therefore, insofar as he grounds his claim on the principles set forth in the line of cases that include Apprendi and Booker, it must fail because petitioner has failed to meet the first prong of the "savings clause" analysis.

Accordingly, construing the petition as one filed pursuant to § 2241, the instant petition is due to be dismissed on the basis that petitioner has failed to satisfy § 2255's savings clause. The court treats the petition as one filed pursuant to § 2241, rather than construing it as another § 2255 motion, because it is clear that the petitioner has clearly chosen this route, no doubt being aware that any § 2255 motion he might file in the district where he was convicted would be dismissed as successive, and also would be barred by the statute of limitation.

**CONCLUSION**

Accordingly, for the reasons stated above, the petition for *habeas* relief filed pursuant to § 2241 is due to be DISMISSED WITHOUT PREJUDICE.  A separate order will be entered herewith, dismissing the claim without prejudice.

The Clerk is DIRECTED to mail a copy of the foregoing to the petitioner.

DONE this 12th day of September, 2007.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE